

The following constitutes the order of the Court.
Signed: January 29, 2019

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re )
) Case No. 18-10228
Jamie Lee Scott, ) Chapter 7
)
          Debtor. )
) Adv. Pro. No. 18-01023
)
_____ )
Randal South, )
          Plaintiff )
)
   v. )
)
Jamie L. Scott )
)
          Defendant )
_____ )

**MEMORANDUM REGARDING PLAINTIFF'S LETTER TO THE COURT (DOC. 56)**

    This Memorandum responds to Plaintiff's ex parte *Request For Service Copy and to Correct the Record* (the "Letter") (doc. 56) filed on January 28, 2019. The Letter requests that the Court directly serve a copy of the Court's *Order After Oral Ruling* (the "Order") (doc. 53), entered January 17, 2019, on Plaintiff. The Letter demonstrates some confusion between the role of the Court and the role of the Bankruptcy Noticing Center ("BNC"), the Court's agent for service.

This Court and BNC are different entities, with different roles in carrying out bankruptcy procedure. The Court's *Memorandum Regarding Court Service* (the "Memorandum") (doc. 51) was entered in response to *Plaintiff's 2nd Notice of Change of Address* (the "Change of Address") (doc. 49), filed shortly after the Court's oral ruling dismissing with prejudice Plaintiff's adversary proceeding on January 4, 2019. The Change of Address updated Plaintiff's address for court service to a post office box in Stanford California, and made various requests of the Court due to this change of address, including direct electronic service by the Court of any future orders, and providing "at least ten days" for paper service to the new address, which the Court interpreted as a request for an automatic ten day extension to respond to any Court order.

The Court's Memorandum made clear that the Court would not directly electronically serve any document beyond that Memorandum to Plaintiff. The Court was unaware at that time that Plaintiff had worked directly with BNC to receive electronic service of Court orders from BNC. It is the Court's understanding that when parties choose to receive electronic transmission of court documents via BNC, no documents are served via U.S. mail thereafter. However, what BNC, as a Court employed entity, chooses to make available to parties and by what means, is a question with which the Court need not engage.

Pursuant to the *BNC Certificate of Mailing* filed January 19, 2019 (doc. 55), Plaintiff received electronic service of the Court's Order from BNC on January 18, 2019. Plaintiff disputes that he did in fact receive service of the Order on that date. As of January 25, 2019, the Court is informed and believes pursuant to the efforts of the Courtroom Deputy, that Plaintiff has received electronic service of the Order and has acknowledged receipt of the Order. As noted by the Court in its previous Memorandum, the statutory time to respond to the Order via an appeal or otherwise runs from the date of entry of the Order, not when a party receives the Order. In any event, Plaintiff's receipt of the Order appears to have resolved the issues enumerated in his Letter.

The Court has also been informed and believes that at various points in December 2018 and January 2019 Plaintiff contacted multiple Court and Clerk's Office personnel via phone call and email seeking resolution of matters that Plaintiff believed were of some importance, including service issues. Ordinarily, the Court would not concern itself with such

communications, other than to commend the parties (here the Plaintiff), Clerk's Office, and Court staff for their efforts efficiently and constructively to address logistical issues and other matters that do not ordinarily require the direct involvement of the Court. However, the Court is also greatly concerned to have learned that in more than one instance during telephonic conversations, Plaintiff became loud, uncooperative in refusing to give his name or the case about which Plaintiff was contacting personnel, and abusive in the sense that Plaintiff impugned the intelligence and integrity of the people who were attempting to assist him. While the Court is not considering imposing sanctions on Plaintiff at this time, it is unfortunate that the Court must make clear that verbal maltreatment of any Court or Clerk's Office personnel is wholly unacceptable, and in some circumstances might warrant the imposition of sanctions against Plaintiff. Should the Court become aware of future disrespectful or abusive treatment of Court or Clerk's Office personnel by Plaintiff, the Court will consider imposing appropriate sanctions.

**\*END OF MEMORANDUM\***

**Court Service List**

**Randal South**
PO Box 18943
Stanford, CA 94309